UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAYLOR FUSIKATA et al., | CASE NO. 3:26-cv-05222-DGE |
| Plaintiffs, | |
| v. | ORDER ON MOTION TO REMAND (DKT. NO. 7) |
| SAFECO INSURANCE COMPANY OF AMERICA et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to remand this case to the Pierce County Superior Court. (Dkt. No. 7.) For the reasons discussed below, Plaintiffs' motion is GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In February 2026, Plaintiffs Taylor Fusikata and Aaron A. Tracy filed a complaint against Defendants[1] Safeco Insurance Company of America ("Safeco") and Liberty Mutual

---

[1] Throughout this order, "Defendants" shall be used to refer to Safeco and Liberty Mutual.

ORDER ON MOTION TO REMAND (DKT. NO. 7) - 1

Insurance Company ("Liberty Mutual") in the Pierce County Superior Court.[2] (Dkt. No. 2-1.) Plaintiffs' complaint stems from a 2024 automobile accident involving Fusikata and Donna Haynes. Fusikata alleges Safeco, Haynes' insurer, refused to fully compensate Fusikata for her loss. Fusikata alleges she was deprived of use of a vehicle due to Safeco's delay and has accrued significant additional expenses, including storage fees and diagnostic costs. (*Id.* at 2–5.) Plaintiffs' complaint asserted causes of action for: (1) Violation of the Insurance Fair Conduct Act ("IFCA"); (2) Insurance Bad Faith; (3) Unfair Claims Settlement Practices; (4) Negligence and Breach of Duty of Good Faith and Fair Dealing; and (5) Breach of Contract. (*Id.* at 5–6.)

On February 17, 2026, Defendants' counsel, Sarah Eversole, responded to an email from Tracy. (Dkt. No. 2-3.) Eversole explained to Tracy that while she represented Safeco, she did not represent Haynes and could not negotiate a resolution of any claims against her. (*Id.* at 1.) Eversole explained to Tracy that Plaintiffs did not have an insurance contract with Safeco, and that the claims in Plaintiffs' complaint were therefore invalid third party claims. (*Id.*) Eversole requested that Tracy dismiss the lawsuit, and informed Tracy that if he did not do so, Defendants would remove the case to federal court and file a motion to dismiss. (*Id.* at 2.) On February 19, 2026, Plaintiffs filed a First Amended Complaint in the Pierce County Superior Court. (Dkt. No. 2-4.) Plaintiffs' First Amended Complaint is nearly identical to Plaintiffs' original complaint, but names Donna Haynes as a defendant and includes a specific section entitled, "**Negligence (Against Defendant Donna M. Haynes)**." (*Id.* at 6.) Plaintiffs assert Haynes negligently operated her vehicle and that her negligence caused Plaintiffs property damage and resulting loss. (*Id.*)

---

[2] Defendants argue Plaintiffs' state court complaint was never properly served, but asserts the service issue is irrelevant for purposes of the motion to remand. (Dkt. No. 10 at 2–3.)

ORDER ON MOTION TO REMAND (DKT. NO. 7) - 2

On March 5, 2026, Defendants filed a Notice of Removal with this Court, asserting the Court has diversity jurisdiction over the "properly-joined parties" in this case.  (Dkt. No. 1.)  Defendants assert they are citizens of New Hampshire and Massachusetts while Plaintiffs are citizens of Washington.  (*Id.* at 2–3.)  Defendants argue Haynes, who is a citizen of Washington, was fraudulently joined to Plaintiffs' lawsuit to prevent removal of this case to federal court.  (*Id.* at 3–6.)

On March 7, 2026, Plaintiffs filed a motion to remand this case to the Pierce County Superior Court, arguing that the inclusion of Haynes as a defendant means the parties are no longer completely diverse.  (Dkt. No. 7.)  On March 27, 2026, Defendants filed a response. (Dkt. No. 10.)

## II.    LEGAL STANDARD

A matter is properly removed based on diversity jurisdiction where "the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).  Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).

Removal based on diversity jurisdiction requires complete diversity, meaning each plaintiff must be of a different citizenship from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).   "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal

citation omitted).  Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citation omitted).

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citation omitted).  Fraudulent joinder is established the second way if a defendant shows that individuals joined in the action "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *Hunter*, 582 F.3d at 1046 (internal citation omitted).  Fraudulent joinder must be proven by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### III.   DISCUSSION

Defendants argue Plaintiffs amended their complaint to include Haynes as a defendant shortly after Defendants' counsel informed Plaintiffs of their intention to remove this case to federal court if Plaintiffs refused to voluntarily dismiss their claims.  (Dkt. No. 10 at 2.) Defendants contend Plaintiffs' First Amended Complaint contains no causes of action against Haynes, and only makes general allegations of negligence in the Complaint's facts section.  (*Id.*) Defendants contend that Plaintiffs' First Amended Complaint only contains causes of action

ORDER ON MOTION TO REMAND (DKT. NO. 7) - 4

against Defendants for negligent claim handling or violation of Washington claim handling regulations, none of which can apply to Haynes. (*Id.*)

Plaintiffs argue they added Haynes to their Complaint because "Defendants' refusal to pay left only two possibilities: either the insurers are liable, or the at fault driver is. Defendants' position — that no one is liable — is legally impossible." (Dkt. No. 11 at 2.)  Plaintiffs argue they are asserting "a straightforward negligence claim" against Haynes. (*Id.*)  The test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. *GranCare*, 889 F.3d at 549.  Even if a claim against a defendant may fail under Rule 12(b)(6), that defendant has not necessarily been fraudulently joined. *Id.*  The appropriate inquiry is whether there is a *possibility* that a state court would find the complaint states a cause of action against any of the non-diverse defendants. *Id.*

"Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id; Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *Hagans v. Lavine*, 415 U.S. 528, 536–537, (1974) (federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit.") (citations omitted).

Here, Plaintiffs' claims, liberally construed, are sufficient to assert a cause of action against Haynes.  Plaintiffs assert a cause of action for negligence against Haynes, claiming Haynes "owed a duty to operate her vehicle with reasonable care" and breached that duty by "failing to maintain a proper lookout, failing to yield, and striking Plaintiffs' vehicle." (Dkt. No.

2-4 at 6.)  Plaintiffs contend Haynes' alleged negligence "directly and proximately caused Plaintiffs' property damage and resulting losses." (*Id.*)  While Plaintiffs' negligence claim is not listed among their causes of action, it is sufficient, given the high standard for establishing fraudulent joinder, to establish a cause of action against Haynes in state court.  The Court finds no basis to conclude Plaintiffs committed actual fraud in their First Amended Complaint or that Plaintiffs lack the ability to establish a cause of action against Haynes.

Accordingly, the Court finds Haynes was not fraudulently joined for the purpose of defeating diversity jurisdiction.

## IV.    ORDER

Plaintiffs' motion to remand this case to the Pierce County Superior Court (Dkt. No. 7) is GRANTED.  The Clerk SHALL remand this matter to the Pierce County Superior Court.

All pending motions (Dkt. Nos. 17, 19) are DENIED as moot.

Dated this 28th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO REMAND (DKT. NO. 7) - 6